REGAN, Judge.
Plaintiff, Warren Realty Company, Inc. filed a motion in the receivership proceeding of defendant, G. H. A. Thomas Company, offering to purchase certain real estate for the sum of $200, subject to any taxes and paving liens bearing against the property, and requested that the receiver of the defendant company show cause on a certain day why plaintiff’s offer “should not be notified to all parties in interest, as provided by Act 43 of 1924”. Defendant answered and excepted on the ground “that the rule” disclosed “no right or cause of action”.
From a judgment in favor of defendant, Receivership of G. H. A. Thomas Company, maintaining the exceptions of no right or cause of action and dismissing the rule, plaintiff prosecutes this appeal.
The record reveals that the G. H. A. Thomas Company was placed in receivership on July 14, 1932.
The inventory taken in these proceedings on September 1, 1932, includes two lots, designated as lots Nos. 3 and 4 in Square 71, Gentilly Gardens, and they were appraised for the sum of $200.
On October 7, 1932, the defendant requested that the Court order these lots sold by an auctioneer at public auction. The lots in question were duly offered at auc-tion on November 17, 1932, however, the auctioneer reported on November 21, 1932, that he “did not receive any bid at all for this property and consequently withdrew same for want of a bid”.
On January 27, 1933, the receiver of G. H. A. Thomas Company, requested that the court authorize him to abandon these “lots of ground for the paving privileges and unpaid taxes existing against the same”. The court authorized-the abandonment of this property on February 8, 1933.
On November 10, 1949, the plaintiff filed a motion suggesting to the court that the defendant still owned the lots, which had never been abandoned or transferred to anyone; that plaintiff was willing to pay the sum of $200 cash for a quitclaim, “said quitclaim ,to be without any warranty whatsoever even as to the. return of the said purchase price, and said quitclaim •to be made subject to any taxes or tax sales and to any paving bearing against said property”.
The defendant answered by way of an exception of no cause of action.
.The court, a qua, maintained defendant’s exception and dismissed plaintiff’s rule, hence this appeal by plaintiff.
On April 21, 1950, the following motion was filed in this court: “On motion of G. H. A. Thomas Company, defendant and 'appellee herein, through its attorneys of record, Baldwin, Haspel & Molony, and on suggesting to this Honorable Court that the appeal taken herein by Warren Realty Co., Inc., is based upon a question which has now become moot inasmuch as the real estate which is the basis of the litigation has been sold by G. H. A. Thomas Company to Athur M. Schneider, Sr., by act before Emile A. Wagner, Jr., dated March 29, 1950, registered C.O.B. 569, folio 229; and on further suggesting to the Court that mover is desirous for that reason to have this appeal dismissed; * *
A casual reading of the title and body of this motion will indicate the obvious fact that it was not filed on behalf of the proper party defendant — the appel-lee before us on appeal — which is the Receivership of G. H. A. Thomas Company of Louisiana, but was filed on behalf of G. H. A. Thomas Company, — not a defendant-appellee before this court. Consequently for these reasons, we are of the opinion, that we cannot properly consider this motion to dismiss plaintiff’s appeal.
Considering the matter now before us, plaintiff contends that inasmuch as it *520 was interested in purchasing the property it was, in conformity with the provisions of Act 159 of 1898, Dart’s Statutes Section 1218, a “party in interest” and therefore “had the right to come into Court and move that these two lots be put up for sale” and ultimately sold in conformity with the provisions of Act 43 of 1924, Dart’s Statutes Section 1223 et seq.
Defendant, on the other hand, maintains that the ruling of the judge, a qua, in sustaining defendant’s “exceptions of no right or cause of action” and dismissing the rule filed by plaintiff herein was correct and, therefore, should be affirmed by this Court.
Plaintiff, in support of its contention, firstly relies on the provisions of Act 159 of 1898, Section 10, Dart’s Statutes 1218, which read as follows: “Where the court has appointed a receiver and it is made to appear that there is no reasonable ground to believe that the property of the corporation can be so administered as to pay its debts, and the possession thereof restored to the corporation, the court may on application of any party at interest, after ten days’ notice of such application on the order book, if there be no opposition, or after hearing of same be opposed, order the sale of the property and the distribution of its assets in accordance with the rights of the parties in interest.”
It will be recalled that plaintiff contends that it is a “party in interest” in conformity with this section of the act of 159 of 1898, however, the section relied on by plaintiff further provides that "the court may on application of cmy party at interest, after ten days’ notice of such application on the (receiver’s) order book, if there be no opposition, or after hearing of same be opposed, order the sale of the property and the distribution of its assets in accordance with the rights of the parties in interest.”
The record is completely devoid of any evidence to the effect that plaintiff gave “ten days’ notice” of its application on the receiver’s order book, as a “party at interest” and therefore section 1218 of Dart’s Statutes makes the position assumed by plaintiff untenable.
Plaintiff further contends “that the sale (of the lots) be made under Act 43 of 1924”, Dart’s Statutes 1223 et seq., which reads as follows: “Whenever a Receiver or Receivers or Judicial Liquidators shall have been appointed to a corporation or qualified under a decree of a Court of this State; and it shall appear to the Receiver or Receivers or Judicial Liquidators that it is to the advantage of said Corporation that either a part or the whole of its assets be sold at private sale, the Receiver or Receivers or Judicial Liquidators may file in the Court having jurisdiction over the Receivership, or Judicial Liquidation a petition setting forth any special proposition previously made for the purchase at private sale of the said property; or a petition setting forth such a proposition as should be invited and accepted for the disposal of the property at private sale, and in the event there should be more than one Receiver, or Judicial Liquidator some of whom should not join in the application, then they shall be made defendants in the Rule hereinafter provided for and shall be summoned accordingly.”
It will be observed from the language used in this section of the act, that it expressly, and in no uncertain or ambiguous terms, authorizes the receiver or judicial liquidator, and no one else, to petition the court for the private sale of property when he (the receiver or judicial liquidator) believes it to be to the advantage of the corporation. It is, therefore, clear that it does not authorize the filing of a petition (or motion), in the court having jurisdiction over the receivership, for the private sale of the property, by any person, other than the receiver, or judicial liquidator.
It will be further noted that the plaintiff herein is not “an interested party” in the receivership proceedings by virtue of being a “stockholder or a creditor of the corporation.”
Consequently, sections 1218 and 1223 et seq. of Dart’s statutes, cited and relied up *521 on by plaintiff in support of its respective contentions are of no avail and, .therefore, For the reasons assigned the judgment appealed from is affirmed.
Affirmed.